# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MARC K. BRENNER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | **2:09-cv-2524-AKK** |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC and** ) | |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on Plaintiff's motions to compel discovery responses from Defendant Equifax Information Services, LLC ("Equifax" or "Defendant"), docs. 27 and 57, and Equifax's Motion for Settlement Conference, doc. 67. The motion for a Settlement Conference is **GRANTED**. The parties are ordered to confer and to select a mediator by October 21, 2011, and to make arrangements to mediate this case by December 15, 2011.

The motion to compel is **GRANTED** in part for the reasons stated below.

### I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) allows discovery of non-privileged information that is "relevant to any party's claim or defense." A district court has

"broad authority under [Fed. R. Civ. P.] 37 to control discovery." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Of course, "[a] district court may deny a motion to compel [certain] deposition questioning when the court determines that the questions are irrelevant." *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 732 (11th Cir. 1984) (citation omitted).

## II.  ANALYSIS

Here, Plaintiff seeks written and deposition discovery on several topics which Defendant finds objectionable. The list of topics is long, and the areas of agreement are unclear. However, the court lists below its determination on each of the discovery topics over which it appears some disagreement remains.[1]

**A.  Plaintiff's Motions to Compel Interrogatory and Discovery Requests**

<u>(i) Interrogatory 14</u>

Plaintiff's Interrogatory 14 originally sought discovery of all lawsuits filed against Defendant under the Fair Credit Reporting Act, but, as revised, Plaintiff limits Interrogatory 14 to the two-year period preceding the filing date and tailors the request to § 1681e(b) or § 1681i claims. *See* doc. 53 at 2. Notably, Plaintiff is seeking punitive damages, making willfulness an issue in the case. The court

---

[1] To the extent the parties, in fact, cannot reconcile their differences on topics the court does not address, the parties are free to raise those discovery disputes as well, and the court will set up a phone conference to deal with any such outstanding issues.

finds that evidence about other lawsuits may be relevant to Plaintiff's effort to show willful conduct and, therefore, disagrees with Equifax that the burden of producing such discovery outweighs the utility Plaintiff may derive from the information. Nonetheless, in recognition of Equifax's size and the frequency with which it is perhaps sued, the court imposes a geographic limitation on the information – Alabama and Georgia for now, and, in the event mediation is unsuccessful, the geographic limitation will expand to include the other states that Equifax groups in the same region as Alabama.[2] Thus, subject to Plaintiff's revisions,[3] and this court's geographic limits, the court **GRANTS** Plaintiff's motion to compel responses to Interrogatory 14.

(iii) Discovery Requests 1, 2, 4, 5, 8, 9

The court agrees that a party objecting to discovery on grounds of privilege must support its contention by producing a privilege log. *See Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 698 (N.D. Ga. 2007) ("This burden is met when the party produces a detailed privilege log stating the basis of the claimed

---

[2] In the event the parties are unable to resolve this case at mediation, within 10 days after the mediation, Equifax is directed to notify the court of the states, if any, it designates in the same region as Alabama or, alternatively, inform the court if it does not use regional divisions so that the court can craft a reasonable region.

[3] Importantly, Plaintiff has removed his request for discovery of settlement amounts in prior cases and limited the request in duration to only two years. Doc. 53 at 2.

privilege for each document in question, together with an accompanying explanatory affidavit from counsel.") (internal quotation marks and citation omitted). Production of a privilege log is not controversial or a matter that should generate a discovery dispute. The court agrees with Plaintiff that Equifax must produce a privilege log with respect to documents it is refusing to produce based on assertions of privilege. Accordingly, the court **GRANTS**, in part, Plaintiff's motion to compel Discovery Requests 1, 2, 4, 5, 8 and 9. To the extent it has not already done so, Equifax must produce a privilege log or respond to those requests by October 31, 2011.

**B. Motion to Compel Deposition Testimony**

The court turns now to the parties' contentions over the relevancy and scope of various topics contained in Plaintiff's Rule 30(b)(6) deposition notice to Equifax. Specifically, Equifax objects to topics 12, 16 - 20, 25 - 28, 42, 43, 46, 47, and 49 - 58. Plaintiff subsequently withdrew topics 49 - 51, doc. 61 at 9, and Equifax has agreed to produce the information requested in topics 42 and 43, doc. 62 at 5 - 6. Therefore, the only unresolved issues are topics 12, 16 - 20, 25 - 28, 46, 47, and 52 - 58.[4]

---

[4] *See supra* note 1.

(i) Deposition Topics 47, 53, 55

Plaintiff seeks discovery dating back to either 2004 or 2006 regarding claims against Equifax. While the relevant statute of limitations here is two years, *see* 15 U.S.C. § 1681p (allowing claims "not later than the earlier of" two years after the date of discovery or five years after the date of an alleged violation), that period does not necessarily limit the time period from which Plaintiff may seek discovery. In any event, the court **GRANTS** Plaintiff's motion to compel deposition on topics 47, 53, and 55, but agrees with Defendant and limits the topics to the two years preceding the filing of Plaintiff's claim.

(ii) Deposition Topics 46, 47, 52, 56, 57, 58

Equifax objects to "the raft of topics concerning Equifax's reinvestigation procedures and data" because of its contention that Plaintiff's actions, as related to it, did not rise to the level of a dispute. *See* doc. 62 at 6-7. Whether Plaintiff's actions constitute a "dispute" is ultimately a question for this court to decide based, in part, on the evidence Plaintiff produces to support his claims. Since the scope of discovery is generally more expansive than what would necessarily be admissible at trial, the court concludes Plaintiff may seek deposition testimony relating to Equifax's procedures and policies with regard to reinvestigation of claims. Consistent with its conclusion to allow document discovery of Equifax's

dispute procedures, the court **GRANTS** Plaintiff's motion to compel on topics 46, 47, 52, 56, 57, and 58 as well.

(iii) Deposition Topic 53

Plaintiff seeks to depose an Equifax representative on the formula Equifax uses to compute its consumer credit score. While the credit score model may well be complex as Equifax contends, the formula or method it uses is relevant here given that Plaintiff seeks to show that the inaccuracies in his score report led to a faulty score, which allegedly led to pecuniary loss. *See* doc. 61 at 9. Therefore, Plaintiff is entitled to ascertain how the allegedly faulty information may have affected the calculation of his credit score. Accordingly, the court **GRANTS** Plaintiff's motion to compel deposition from the 30(b)(6) witness on topic 53. However, Equifax need not educate the witness on "any and all aspects of its credit scoring," as the only relevant portions of the model here are those variables affected by the allegedly faulty information.

(iv) Deposition Topics 54 and 55

Plaintiff also seeks deposition testimony from Equifax's 30(b)(6) witness on the company's organizational chart and the assurance scores and personnel files of its employees. The court agrees with Equifax that such requests are overbroad and

unlikely to produce information relevant to Plaintiff's claim, and, consequently, **SUSTAINS** Equifax's objection to this discovery.

      (v) Deposition Topics 25, 26, 27 ,28

These topics, which ask about quotas on productivity, Equifax's financial resources for reinvestigation, and the total numbers of disputes Equifax receives, do not appear tailored to Plaintiff's claims nor does the court believe these topics can elicit relevant evidence. Accordingly, the court **SUSTAINS** Defendant's objection to topics 25, 26, 27, and 28.

      (vi) Deposition Topics 46, 47 and 52

As the court notes above, Defendant's contention that Plaintiff never made a dispute is one that the court must consider at a later stage. At this juncture, Plaintiff has alleged enough in his complaint for the court to find that the discovery sought here may well produce relevant and admissible evidence. Likewise, while Defendant's characterization of Plaintiff's deposition testimony seems plausible, the court does not agree that the testimony precludes Plaintiff from asserting that he made a formal dispute or that Equifax should have had notice of a dispute. Thus, the court **GRANTS** Plaintiff's motion to compel testimony on topics 46, 47, and 52.

### (vii) Deposition Topics 56, 57, and 58

These topics broadly seek information on Equifax's contractual relationships with its vendors, quality assurance in its outsourcing, and the return on investment when outsourcing.  The court **SUSTAINS** Equifax's objection to deposition testimony on topics 56, 57, and 58 because they are overbroad and unrelated to Plaintiff's claims.

### (viii) Deposition Topics 16, 17, 18, 19, and 20

Plaintiff seeks deposition testimony on topics which were the basis of its prior motion to compel discovery requests – specifically, discovery and deposition testimony related to either judicial or FTC complaints, against Equifax.  While the court allowed limited discovery of prior complaints against Equifax, the need for deposition testimony regarding those complaints is even more attenuated.  To the extent the complaints are relevant to show willfulness, Plaintiff's review of the complaints, Equifax's response or answer, and the court filings alone may suffice.  At this juncture, since the court does not know the total number of complaints filed against Equifax in the defined region, to force a 30(b)(6) deponent to familiarize herself with what may be a vast number of judicial and FTC complaints is unrealistic, especially since it may likely not add to Plaintiff's ability to demonstrate willfulness based on those complaints.  Therefore, the court **DENIES**

Plaintiff's motion to compel topics 16, 17, 18, 19, and 20, without prejudice. Plaintiff is free to ask the court to reconsider once he ascertains the number of complaints and lawsuits filed in the geographic region at issue and subject to Plaintiff crafting a narrowly tailored request that perhaps includes questioning the witness(es) only on a subset of the complaints.

(ix) Deposition Topic 12

In light of the fact that Equifax is self-insured, discovery related to insurance coverage is unnecessary. Accordingly, the court **SUSTAINS** Equifax's objection to Deposition Topic 12.

**C. Additional Requests To Compel Included in Plaintiff's Reply Brief**

The court agrees with Equifax that Plaintiff failed to properly move to compel the production of the "frozen scans" in question or the appearance of a particular 30(b)(6) witness for Equifax. Likewise, Plaintiff failed to initially request fees and costs in its motion to compel. Nonetheless, the court addresses the merits of those motions to foreclose the possibility of renewed motions on the same grounds.

(i) Motion to Compel Frozen Scans

Though the court agrees with Equifax that Plaintiff failed to properly move to compel production of the frozen scans, the court notes that Equifax and Plaintiff

apparently agree that the scans in question are discoverable.  Indeed, Equifax simply indicated that it could not produce the scans within 24 hours and without the permission of Plaintiff's brother.  See doc. 62 at 16-17.  In light of Equifax's willingness to produce the scans subject to Plaintiff providing it a consent form and giving it sufficient time to produce the scans, the motion to compel is premature and unnecessary at this juncture.

(ii) Motion for a Specific 30(b)(6) Witness

Plaintiff challenges Equifax's designation of Vicki Banks as a 30(b)(6) representative and moves, in his reply brief, to compel Equifax to designate Margaret Leslie instead.  See doc. 61 at 14.  Plaintiff supports his position by contending that Ms. Banks is an inadequate representative because she lacked the necessary knowledge to explain why Equifax combined Plaintiff's file with another consumer's file – which, apparently, is not a topic Plaintiff included in the Rule 30(b)(6) deposition notice.  Moreover, Plaintiff asserts further that Ms. Leslie is, in fact, the most knowledgeable employee.  While this may indeed be the case, since Plaintiff did not include this topic apparently in his 30(b)(6) topics, he cannot seek to force Equifax to designate Ms. Leslie after-the fact, especially, where, as here,  Ms. Leslie is not an officer, director, or a managing agent of Equifax and, thus, cannot be noticed for deposition under Rule 30(b)(6).

Accordingly, the court **DENIES** Plaintiff's motion to compel Equifax to designate Ms. Leslie as its 30(b)(6) deponent. Plaintiff is, of course, free to subpoena Ms. Leslie pursuant to Rule 45.

### (iii) Motion for Costs and Fees for Deposition

Finally, Plaintiff's reply brief contains a request for costs and fees related to the deposition of Equifax's 30(b)(6) witnesses. In its discretion, the court **DENIES** that request.

### III. CONCLUSION

As outlined above, the court **GRANTS**, in part, Plaintiff's motions to compel certain interrogatories, discovery requests, and deposition testimony from Equifax. Consistent with its previous order, (doc. 59), the court will amend its scheduling order to give the parties additional time for discovery. However, in light of the court's order directing the parties to mediate this matter, the court will defer issuing a revised scheduling order at this juncture. Moreover, since depositions will only escalate the already contentious relationship of the parties and will likely hinder mediation, and, more importantly, to save the parties costs, the court stays all deposition discovery until after the mediation. In other words, Equifax is only obligated at this juncture to produce by October 31, 2011, the interrogatory and discovery requests the court has ordered it to answer.

**DONE** and **ORDERED** this 30th day of September, 2011.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE